53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wallace Kau CHANG, Defendant-Appellant.
 No. 93-10625.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1995.
Decided April 28, 1995.
 
 Appeal from the United States District Court, for the District of Hawaii, DC No. CR-87-00887-ACK; Alan C. Kay, District Judge, Presiding.
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wallace Kau Chang (Chang) appeals the district court's dismissal of his Petition for Removal of Garnishment and Reconsideration of Claimed Exemption. We dismiss Chang's appeal for lack of jurisdiction.
 
 
 3
 Chang was a civilian employee of the Navy from 1943 to 1986. On June 24, 1987, he was indicted in the district court on nine counts of mail fraud and aiding and abetting in the making of false claims and transporting stolen goods. These counts arose from Chang's involvement from 1982 through 1985 in a scheme in which the U.S. Navy was billed for items that it had never purchased, defrauding the government of more than $2.7 million. More than $600,000 in invoices for purchases of personal goods were found bearing Chang's name. Chang was found guilty of these charges, but his conviction was reversed and remanded for a new trial on appeal because he had been tried by a magistrate. Before the new trial, Chang entered into a plea agreement on November 15, 1991, in which he pled guilty to three counts in exchange for a three year prison sentence and a fine of $200,000. The district court accepted the plea agreement and imposed the sentence on March 2, 1992. Chang was required to pay the $200,000 fine by September 1992.
 
 
 4
 By November 1992, Chang had paid approximately $58,000 of his fine. Chang received a copy of the Office of Personnel Management's "Schedule for Collecting Government Debt from Your Annuity" dated April 27, 1993. The schedule stated that Chang's debt to the U.S. Attorney, who was listed on the form as the "creditor agency," was to be collected from his monthly annuity payments in 105 payments of $1567.53 each and one final payment of $516.98. His monthly benefits are $3135.06. The collection began on June 1, 1993.
 
 
 5
 On July 29, 1993, Chang filed a Petition for Removal of Garnishment and Reconsideration of Claimed Exemption with the district court. In his petition, Chang argued that his pension income was exempt from garnishment under 5 U.S.C. Sec. 8346 and Hawaii law and alleged several hardship claims. The U.S. Attorney responded that the collection from his annuity payment was not a garnishment but an offset, permitted under Section 124 of Public Law 97-276, Oct. 2, 1982, 96 Stat. 1195, codified as 5 U.S.C. Sec. 5514 note (Section 124). Furthermore, the U.S. Attorney presented evidence that Chang was concealing income, that Chang had obtained a loan of $200,000 and that he had written checks to his children and various hotels and casinos over a period of several years. The district court rejected Chang's petition. Chang timely filed his appeal to this court, alleging that the U.S. Attorney and the Office of Personnel Management have violated his procedural rights by not following the requisite statutory and regulatory procedures for offsetting his pension income.
 
 
 6
 Chang has directly appealed the decision of the OPM to offset his pension income to federal court. He has not exhausted his available administrative remedies. Procedural requirements for offset of pension income are provided under 31 U.S.C. Sec. 3716, 4 C.F.R. Sec. 102.4 and 5 C.F.R. Sec. 845.404. The Merit System Protection Board (MSPB) has been established to decide claims regarding pension rights. The Board's jurisdiction is defined by statute:
 
 
 7
 An administrative action or order affecting the rights or interests of an individual or of the United States under [Chapter 83(III) Civil Service Retirement] may be appealed to the Merit System Protection Board under procedures prescribed by the Board.
 
 
 8
 5 U.S.C. Sec. 8347(d)(1). This language is repeated in OPM's regulations.
 
 
 9
 [A]n individual whose rights or interests under the [Federal Employment Retirement System] are affected by a final decision of OPM may request MSPB to review the decision in accord with procedures prescribed by OPM.
 
 
 10
 5 C.F.R. Sec. 841.308.
 
 
 11
 Judicial review of an administrative claim is available only upon "final agency action." 5 U.S.C. Sec. 704. Agency action is final for the purposes of Sec. 704 "when an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." Darby v. Cisneros, 113 S.Ct. 2539, 2544 (1993). Since Chang had not exhausted his remedies available before the Merit Systems Protection Board, there is no final agency action.
 
 
 12
 In this case, the government has conceded that it did not inform Chang of his right to an administrative appeal. Because of its omission, the government has agreed, both in its brief and at oral argument, to waive the normal 30-day limit for seeking review and to consider a request for review filed within a reasonable time after our decision. Chang thus has the opportunity to contest the offset through the MSPB's appeal process.
 
 
 13
 Accordingly, Chang's appeal is DISMISSED for lack of federal subject matter jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3